MATTER OF N——

In SECTION 245 Proceedings

A-10351609

*Decided by Regional Commissioner June 8, 1959*
*Approved by Assistant Commissioner*

**Adjustment of status—Quota charge—May be made against quota of resident alien spouse in United States.**

Section 245 applicant for whom third preference visa is not available under own quota is entitled to be charged against quota area of resident alien spouse. Latter is considered as having received a visa although his acquisition of permanent residence was accomplished through adjustment of status proceedings; and applicant is deemed to be accompanying her spouse within the meaning of section 202(a)(2) of the 1952 act. (Cf. *Matter of J——*, 5 I. & N. Dec. 750.)

APPLICATION: For adjustment of status to that of permanent resident pursuant to the provisions of section 245 of the Immigration and Nationality Act.

BEFORE THE REGIONAL COMMISSIONER

**Discussion:** The case comes forward on appeal from an order of the District Director, Miami, dated March 17, 1959, denying the application on the grounds that a third preference quota from applicant's quota area was not available at the time the application was filed and that she is not entitled to a charge against the quota area of her spouse.

The application relates to a 28-year-old female alien, a native and national of Italy, who is the spouse of an alien lawfully admitted for permanent residence and in whose case a visa petition has been approved to accord third preference status under section 203(a)(3) of the Immigration and Nationality Act. The husband is a native and national of Switzerland and became a permanent resident of the United States by adjustment of status on August 31, 1956. He married the applicant on September 17, 1957, she being in the United States as the beneficiary of an approved petition under section 101(a)(15)(H)(i) of the Immigration and Nationality Act. They have resided together since the marriage except for a period of time during which the applicant was hospitalized for tuberculosis.

Except for Chinese persons or aliens of a race indigenous to the Asia-Pacific triangle, under the provisions of section 202(a)(2) of

the Immigration and Nationality Act the quota to which an alien is chargeable may, if necessary to prevent the separation of husband and wife, be determined by the quota of the accompanying spouse, if such spouse has received or would be qualified for an immigrant visa. An applicant who, if applying for a visa, would be eligible for a charge against the open quota of his spouse is eligible for the same consideration in proceedings under section 245 of the act.

For the purpose of adjustment of status under section 245, *supra*, the applicant may be assimilated to accompanying her spouse with whom she resides (*Matter of J——*, 5 I. & N. Dec. 750). The husband's adjustment under section 245, *supra*, is the equivalent of having received a visa. Although the husband is a permanent resident alien and would normally be a nonquota immigrant if returning from abroad, section 201(d) of the Immigration and Nationality Act provides that nothing in that act shall prevent the issuance (without increasing the total number of quota immigrant visas which may be issued) of an immigrant visa to an immigrant as a quota immigrant even though he is a nonquota immigrant, so he would also be qualified for an immigrant visa. Therefore, the requirements are met for a charge against the quota of Switzerland, the quota area of her spouse.

**Order:** It is ordered that the subject's appeal from the order of the district director denying her application because of non-availability of a quota visa be sustained.

*It is further ordered that* the case be remanded to the district director for further consideration of the application consistent with this decision.